UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                        DECISION AND ORDER

                                                        16-CR-6028L

                              v.

HOWARD E. BROOKS,

                              Defendant.
_____

      Defendant Howard E. Brooks ("Brooks") is named in a six count indictment relating to the receipt, possession and distribution of child pornography. Brooks filed several motions. This Court referred all pretrial motions and other pretrial matters to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).

      The motion now pending before this Court relates to statements Brooks allegedly made to agents of the FBI on the date a search warrant was executed at his residence at 116 Lexington Avenue, Elmira, New York on July 14, 2015, as well as statements Brooks allegedly made on the day he was arrested, August 28, 2015.

      Magistrate Judge Payson conducted a suppression hearing on the motion and took testimony. After the hearing and after receiving submissions from the parties, Magistrate Judge Payson issued a document entitled Decision and Order and Report and Recommendation (Dkt. #43). It was the Magistrate Judge's Report and Recommendation that the District Court deny the

motion to suppress. Brooks, through counsel, duly filed Objections (Dkt. #45) to the Magistrate Judge's Report and Recommendation. The Court has reviewed the Magistrate Judge's Report and Recommendation, the Objections filed, as well as the 83 page Transcript (Dkt. #38) of the suppression hearing which occurred on August 23, 2016.

At the suppression hearing, only one witness testified, FBI Agent Christopher Mayfield. Defendant Brooks did not testify at the suppression hearing and no other witnesses were presented by the defense, although defense counsel did refer the Magistrate Judge to an affidavit that the defendant had submitted as an attachment to defense counsel's original motion to suppress (Dkt. #31, Ex. A).

**July 14, 2015 Statements.**

Brooks seeks to suppress certain oral statements that he made to FBI Agent Mayfield at Brooks's residence during the execution of a search warrant on July 14, 2015.

Brooks contends that he never received the *Miranda* warnings and the Government concedes that such warnings were not given. The Government argued, and Magistrate Judge Payson agreed, that no warnings need be given because Brooks was not "in custody" at the time statements were made to Agent Mayfield. Since there was no "custodial interrogation" the *Miranda* warnings were not required.

In the Report and Recommendation, Magistrate Judge Payson discussed at length the facts developed at the suppression hearing concerning the circumstances surrounding the conversation with Brooks on July 14, 2015. In addition, the Magistrate Judge set forth a thorough analysis of the legal principles relating to interrogation of suspects by law enforcement

officers. After reviewing the transcript of the suppression hearing, which contained the examination of Agent Mayfield, I concur with Magistrate Judge Payson's analysis of the facts which occurred on July 14, 2015, as well as the controlling legal principles.

As mentioned, Agent Mayfield was the only witness at the hearing, since Brooks presented no witnesses and elected not to testify himself. Mayfield testified that he told Brooks that he was not arrested, could speak with the agents if he wished to do so and that he was free to move about the residence. Agent Mayfield and another agent talked with Brooks in the laundry room of the residence while the search warrant was being executed in other parts of the house.

The Magistrate Judge found Mayfield's testimony credible concerning the statements made to Brooks and circumstances surrounding the conversation. Magistrate Judge Payson correctly noted defendant's affidavit but recognized that such an item is a "poor substitute for live testimony, which is the subject of cross examination," *citing United States v. Nicholson,* 216 WL 3970927, *3 (WDNY 2016); *United States Riedman,* 214 WL 713552, *16 (WDNY 2014).

Magistrate Judge Payson made several findings and concluded that Brooks was not in custody when he made oral statements to Agent Mayfield. After perusing the transcript of the suppression hearing, the Court believes that those findings are clearly supported by the record.

The interview was not at the "station house" but in defendant's home. Discussions with a person at his own home are less subject to coercion and are different from situations where a person has been removed to a police facility. Mayfield's testimony was that Brooks never asked to leave, never sought food or beverages and was not held against his will. Specifically, the Magistrate Judge found (Report and Recommendation, p. 17) that Brooks willingly accompanied the agents to the laundry room and he was "explicitly and clearly" informed that he did not have

3

to speak to the agents, that he was not under arrest and was free to leave. Magistrate Judge Payson further concluded that a reasonable person in Brooks's position would have understood that he was free to leave and had no obligation to discuss matters with the agents.

Although Brooks was arrested after the interview by state law enforcement officials, that did not relate to the federal charges but was a mental hygiene arrest under state law because Brooks had threatened to harm himself because of the execution of the search warrant and recovery of certain items.

So, I agree with Magistrate Judge Payson that on July 14, 2015, Brooks was not arrested and was not in custody. Therefore, there was no custodial interrogation and the fact that *Miranda* warnings were not given does not preclude use of statements made by Brooks. Furthermore, the record does not support any conclusion that Brooks was threatened or coerced in any way or that his statements were not voluntarily made.

**August 28, 2015 Statements.**

Although Brooks's residence was searched on July 14, 2015, he was not arrested until August 28, 2015. He was arrested in Elmira, New York and was then driven from there to the nearest Federal Courthouse in Rochester, New York. During that two hour road trip, defendant did make statements to the agents which he now seeks to suppress.

Mayfield testified concerning the circumstances of the August 28, 2015 arrest and interview of Brooks. Mayfield testified that he advised Brooks of his *Miranda* rights and that Brooks voluntarily waived them before speaking to the agents. Brooks's affidavit differs to a degree from the agent's testimony. But, the Magistrate Judge found Mayfield's testimony

credible and specifically found that Brooks had been advised of his *Miranda* rights, that he understood them, and that he agreed to speak with the agents. Therefore, the Magistrate Judge found no violation of *Miranda*.

Furthermore, the Magistrate Judge found that Brooks's statements were not coerced in any way. From the testimony it appears that Brooks himself initiated much of the conversation and was cooperative and talkative throughout the journey from Elmira to Rochester. The Magistrate Judge found that the evidence showed that Brooks's statements were not made in violation of *Miranda* and furthermore that they were voluntary. Magistrate Judge Payson, therefore, recommended that the District Court deny the motion to suppress oral statements made on the day of Brooks's arrest. I concur with the Magistrate Judge's recitation of the facts and her careful analysis of the law. I, therefore, conclude that there is no basis to suppress the statements at issue.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #43) of United States Magistrate Judge Marian W. Payson, filed December 22, 2016. I find no basis to modify or reverse that recommendation, and I, therefore, accept it.

Defendant's motion to suppress statements made to the FBI on July 14, 2015 and August 28, 2015 are in all respects denied.[1]

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 26, 2017.

---

[1] Brooks has also challenged the search warrant issued by the Magistrate Judge in the Eastern District of Virginia authorizing the seizure of information from computers logging into a specific website called "Playpen." The parties have been directed to submit legal memoranda on the issue and a suppression hearing is currently scheduled for March 7, 2017.