UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      Plaintiff,

-vs-

HOWARD BROOKS,

      Defendant.

DECISION & ORDER

16-CR-6028

---

  Defendant Howard E. Brooks ("Brooks") stands indicted in a multiple count Indictment charging receipt, possession and attempted distribution of child pornography. This Court referred all pretrial matters and motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). Brooks filed motions to suppress physical evidence and statements that he made to law enforcement officers at his residence on the day it was searched and on the day of his arrest.

  Magistrate Judge Payson conducted proceedings relative to both motions. Magistrate Judge Payson issued a Report and Recommendation (Dkt. #43) concerning the statements, and it was her recommendation that the district court deny the motion to suppress. This Court accepted and adopted that Report and Recommendation in its entirety by decision entered January 26, 2017 (Dkt. #46) and this Court, therefore, denied the motion to suppress statements on the grounds that his *Miranda* rights were violated or that his statements were not voluntary.

  Now pending before this Court is a second Report and Recommendation (Dkt. #62) issued by Magistrate Judge Payson relating to Brooks' motion to suppress physical evidence obtained pursuant to a particular type of warrant authorizing the deployment of a Network Investigative

Technique ("NIT"). The warrant, issued by Hon. Theresa Carroll Buchanan, United States Magistrate Judge for the Eastern District of Virginia, authorized the use of the NIT, which is a computer code that was deployed on the server operating the "Playpen" website which, according to affidavits submitted to the issuing Magistrate Judge, was a child pornography website operating on a type of network which provided anonymity to its users. The NIT process would allow law enforcement officers to identify the IP address, and ultimately the identity and location of anyone who logged onto the Playpen website.

Through the deployment of the NIT, the FBI was able to determine that a particular IP address was identified and connected to the address at 116 Lexington Avenue, Elmira, New York, which was where defendant Brooks resided. Based on that information, United States Magistrate Judge Jonathan W. Feldman, sitting in the Western District of New York, issued a warrant authorizing a search of the 116 Lexington Avenue address. The FBI seized computers and material from that residence and it was upon that evidence that the subsequent Indictment charging Brooks with child pornography was based.

Brooks challenges the NIT warrant issued in the Eastern District of Virginia on several grounds. He claims that the warrant was not supported by probable cause, was overly broad and insufficiently particular, and was invalid as it authorized a search outside of the Eastern District of Virginia in violation of Fed. R. Crim. P. 41(b). Brooks also claims that the good faith exception recognized in *Leon*[1] does not apply in this case.

Magistrate Judge Payson accepted filings, reviewed the affidavits submitted in support of the warrant application and also conducted a hearing at which Special Agent Daniel Alfin testified. Alfin was assigned to the Criminal Investigative Division, Violent Crimes Against Children

---

[1] *United States v. Leon*, 468 U.S. 897, 922 (1984).

Section located in Maryland. He testified extensively about the operation of the Playpen website, how users accessed it, utilizing the Tor network, which allowed users to access the site anonymously.

At the conclusion of that review, Magistrate Judge Payson issued a thorough 40-page Report and Recommendation recommending that the district court deny Brooks' motion to suppress tangible evidence and statements (Dkt. #62). Brooks duly filed Objections (Dkt. #63) to the Report and Recommendation.

## DISCUSSION

I have reviewed Judge Payson's Report and Recommendation and the papers submitted by the parties, the transcript of the suppression hearing held on June 8, 2017 (Dkt. #50, #52) and have reviewed the numerous court decisions filed throughout the country on the NIT warrant process at issue here.

I accept and adopt Judge Payson's very thorough Report and Recommendation which recommends that the motion to suppress physical evidence and statements obtained as fruits of an illegal search be denied. I find no basis to alter or amend that Report and Recommendation.

The issues here involve sophisticated computer materials and the Government's use of a program to obtain information on the identity of users of the child pornography website, Playpen. Judge Payson carefully considered Brooks' several challenges to the warrant, which was issued in the Eastern District of Virginia. She concluded, as do I, that none of the challenges warrant suppression of the items seized from the defendant's residence in Elmira, New York pursuant to a separate warrant issued by Magistrate Judge Jonathan W. Feldman in the Western District of New York.

Judge Payson first determined that there was probable cause to use the NIT process. She also cited numerous cases, the vast majority of which determined, under similar circumstances, that probable cause existed for issuance of the NIT process. Judge Payson also determined that the warrant was sufficiently particular. Her thoughtful analysis was thorough and accurate and I see no basis to modify it.

Brooks also claims that the issuing Magistrate Judge in the Eastern District of Virginia exceeded her authority by issuing a warrant which, arguably, authorized a search of computers located outside of the Eastern District of Virginia, in violation of Fed. R. Crim. P. 41(b). With some exceptions, Rule 41(b) limits searches to property located in the jurisdiction of the issuing judge. Rule 41 was amended on December 1, 2016, after the warrant here was issued, to allow the type of search employed here relative to obtaining electronically stored information.

Some courts have suggested, and the Government has urged, that the procedures used here were tantamount to using a "tracking device," which is a specific authorized exception to Rule 41(b) and its limitation on the scope of searches. Judge Payson rejected such an argument, and I agree. She cited numerous cases that reached the same conclusion that the NIT process was not a "tracking device."

Other courts analyzed whether a violation of Rule 41 was of sufficient severity that it constituted a constitutional violation warranting suppression. Courts have disagreed and Judge Payson noted, correctly, that this is a closer question. Courts have reached different conclusions on the issue.

Judge Payson acknowledged the split of authority as to whether a violation of Rule 41 is of constitutional magnitude warranting suppression. Rather than definitively rule on that matter, Judge Payson relied on the good faith exception of *Leon*. As noted by Judge Payson, a violation

-4-

of the Fourth Amendment does not necessarily require suppression of evidence in every circumstance. *United States v. Rosa*, 626 F.3d 56, 64 (2d Cir. 2010) *cert. denied* 565 U.S. 1236 (2012).

Two recent Court of Appeals decisions, *United States v. Horton*, 863 F.3d 1041, 1049 (8th Cir. 2017) and *United States v. Workman*, 863 F.3d 1313, 1317 (10th Cir. 2017) relying on the good faith exception, reversed district court decisions suppressing evidence because of a violation of Rule 41, under similar circumstances as presented here. Those Circuit courts found that the good faith exception applies under Leon and suppression was not warranted.

Magistrate Judge Payson relied on those Circuit cases, and others, and found no reason not to apply the good faith exception. Little would be accomplished by "punishing" the officers who relied on the warrant issued by issuing magistrate as well as the legal advice given by Department of Justice attorneys.

I too rely on the Circuit authority discussed above and cited by Judge Payson, and find persuasive the reasoning there as to why the good faith exception applies which precludes the drastic remedy of suppression.

Judge Payson carefully considered the situations when the good faith exception is applicable and when it is not. I agree with her analysis of the factors and find, in this case, that there is no reason whatsoever to deny reliance on the good faith exception and preclude suppression.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #62) of United States Magistrate Judge Marian W. Payson.

Defendant's motion to suppress statements and tangible physical evidence obtained from Brooks' computer on account of a warrant authorizing the deployment of the Network Investigative Technique ("NIT") is in all respects **denied.**

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: October 13, 2017
Rochester, New York